IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | | |
|---|---|---|
| Mitchell H. Bailey, #89649-079, | ) | |
| | ) | Civil Action No. 8:04-22252-MBS |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Jeff Patterson, Narcotic Agent; David | ) | **OPINION AND ORDER** |
| Taylor, Narcotic Agent; Tony Duarte, | ) | |
| D.E.A. Agent; Jeff Kinemer, D.E.A. | ) | |
| Agent; and Drug Enforcement Agency, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Mitchell H. Bailey is an inmate in custody of the Federal Bureau of Prisons who currently is housed at Seymour Johnson Federal Penitentiary in Goldsboro, North Carolina. Plaintiff, proceeding *pro se*, brought this action on September 9, 2004, seeking damages against federal and state law enforcement officials for the alleged unlawful seizure of eight vehicles, including two motorcycles, from Plaintiff's home in Spartanburg, South Carolina. Named as defendants are Jeff Patterson, a deputy sheriff with the Henderson County, North Carolina Sheriff's Department; David Taylor, a deputy sheriff with the Spartanburg County Sheriff's Department (together, the "State Defendants"); the Drug Enforcement Agency (DEA); and two DEA agents, Tony Duarte and Jeff Kinemer (collectively, the "Federal Defendants."). Plaintiff seeks relief against the State Defendants under 42 U.S.C. § 1983, and as to the Federal Defendants pursuant to *Bivens v. Six Unknown Federal Narcotic Agents*, 403 U.S. 388 (1971)(allowing an action for damages for due process violations made under color of federal law).

This matter is before the court on motions filed by Defendant Patterson and the Federal Defendants. Defendant Patterson moved for summary judgment on January 27, 2005. By order filed January 28, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Plaintiff filed a response on April 19, 2005.

On March 21, 2005, the United States, on behalf of the Federal Defendants, moved to dismiss the action. A second *Roseboro* order was issued on March 22, 2005. Plaintiff filed a response on April 11, 2005. Both motions are ripe for disposition.

## I. **FACTS**

Plaintiff pleaded guilty to aiding and abetting to possess with intent to distribute approximately 1,216 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2. According to Plaintiff, the indictment did not contain an allegation that the property was subject to forfeiture as required by 18 U.S.C. § 983. Plaintiff alleges that, nevertheless, on February 4, 2000, Defendant seized eight vehicles belonging to Plaintiff and valued at $159,900.00.[1] Plaintiff contends that he did not receive the notice required by 18 U.S.C. § 983(a)(1)(A)(i), which provides:

(a) Notice; claim; complaint.--

(1)(A)(i) Except as provided in clauses (ii) through (v), in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute, with respect to which the Government is required to send written notice to interested parties, such notice shall be sent in a manner to achieve proper notice as soon as practicable, and in no case more than 60 days after the date of the seizure.

---

[1]The notices of seizure provided by Plaintiff indicate that the vehicles in question were seized by DEA under 21 U.S.C. § 881 because they were used or acquired as a result of a drug-related offense.

2

(ii) No notice is required if, before the 60-day period expires, the Government files a civil judicial forfeiture action against the property and provides notice of that action as required by law.

(iii) If, before the 60-day period expires, the Government does not file a civil judicial forfeiture action, but does obtain a criminal indictment containing an allegation that the property is subject to forfeiture, the Government shall either--

(I) send notice within the 60 days and continue the nonjudicial civil forfeiture proceeding under this section; or

(II) terminate the nonjudicial civil forfeiture proceeding, and take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute.

(iv) In a case in which the property is seized by a State or local law enforcement agency and turned over to a Federal law enforcement agency for the purpose of forfeiture under Federal law, notice shall be sent not more than 90 days after the date of seizure by the State or local law enforcement agency.

(v) If the identity or interest of a party is not determined until after the seizure or turnover but is determined before a declaration of forfeiture is entered, notice shall be sent to such interested party not later than 60 days after the determination by the Government of the identity of the party or the party's interest.

The basis of Plaintiff's complaint is that the United States failed to send timely notice to him of the seizure of his assets. He argues that under 18 U.S.C. § 983(a)(1)(A), the United States was required to send him notice within 60 days after the assets were seized, or by April 4, 2000. Plaintiff contends that he received no notice of the seizure until December 2001, nearly two years after the vehicles were seized. Plaintiff asserts that the Government should be required to return his property to him, as required by 18 U.S.C. § 983(a)(1)(F).[2] In the alternative, Plaintiff seeks compensatory

---

[2] 18 U.S.C. § 983(a)(1)(F) provides: "If the Government does not send notice of a seizure of property in accordance with subparagraph (A) to the person from whom the property was seized, and no extension of time is granted, the Government shall return the property to that person without prejudice to the right of the Government to commence a forfeiture proceeding at a later time. The Government shall not be required to return contraband or other property that the person from whom the property was seized may not legally possess."

damages in the amount of $159,000, punitive damages in the amount of $10,000, and $10,000 for

"the obtaining of a defense attorney to prosecute this civil suit." Complaint, p. 8.

## APPLICABLE LAW

### *Defendant Patterson's Motion for Summary Judgment*

Defendant Patterson has moved for summary judgment under Fed. R. Civ. P. 56(c). Rule

56(c) provides that

> [t]he judgment sought shall be rendered forthwith if the pleadings, depositions,
> answers to interrogatories, and admissions on file, together with the affidavits, if any,
> show that there is no genuine issue as to any material fact and that the moving party
> is entitled to judgment as a matter of law.

To prevail on a motion for summary judgment, Defendant Patterson must demonstrate that

(1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment

as a matter of law. A fact is deemed "material" if proof of its existence or nonexistence would affect

the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242,

248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable

jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue

has been raised, the court must construe all inferences and ambiguities against the movant and in

favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the

district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317,

323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to

survive the motion for summary judgment, may not rest on the allegations averred in his pleadings;

rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.*

at 324.  Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's

position is insufficient to withstand the summary judgment motion.  *Anderson*, 477 U.S. at 252.

Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting

of the summary judgment motion.  *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th

Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989).  "Only disputes over facts that might

affect the outcome of the suit under the governing law will properly preclude the entry of summary

judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  *Anderson,* 477

U.S. at 248.  Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he

must provide existence of every element essential to his action which he bears the burden of

adducing at a trial on the merits.

In this case, Plaintiff has not alleged any personal involvement by Defendant Patterson in the

forfeiture proceeding, nor is there any evidence that Defendant Patterson had any direct involvement

in the seizure of Plaintiff's property.  See Declaration of Jeff Patterson in Support of Motion for

Summary Judgment (Entry 19), ¶¶ 3-5.  Absent Defendant Patterson's involvement, Plaintiff cannot

prove any basis for liability under § 1983.  *See Wilkins v. Whitaker*, 714 F.2d 4 (4th Cir. 1983) (police

chief who was uninvolved in an alleged unlawful search of a vehicle and removal of plaintiff's

property could not be held liable in a § 1983 action).  Defendant Patterson's mere participation in

the DEA task force is not a sufficient basis for finding liability where he was not personally involved

in the seizure of Plaintiff's property.  *See Jones v. Williams*, 297 F.23d 930, 939 (9th Cir. 2002)("We

reject the idea that mere presence at a search or membership in a group, without personal

involvement in and a causal connection to the unlawful act, can create liability under section 1983.").

The court concludes that Defendant Patterson's motion for summary judgment should be granted.

5

***Defendants DEA, Duarte, and Kinemer's Motion to Dismiss***

The United States, on behalf of the DEA and the two individual DEA agent defendants, has moved under Fed. R. Civ. P. 12(b)(6) to dismiss for failure to state a claim. Under Rule 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support his claim and would entitle him to relief. *Iodice v. United States*, 289 F.3d 270, 273 (4th Cir. 2002). In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)(citations omitted)

The United States first asserts that the notice requirement relied upon by Plaintiff is inapplicable because the vehicles were seized prior to the enactment of the notice requirements. The United States notes that Congress enacted the Civil Asset Forfeiture Reform Act (CAFRA) in 2000. CAFRA changed the burden of proof in civil forfeiture actions and instituted procedural changes in such actions. Section 21 of the Act generally provides that CAFRA applies to "any forfeiture proceeding commenced on or after August 23, 2000." *See United States v. Contents of Two Shipping Containers*, 113 Fed. Appx. 460 (3d Cir. 2004); *Collazos v. United States*, 368 F.3d 190 (2d Cir. 2004). Although Section 21 does not define what is meant by the term "commenced," the legislative history of this section explains that "the date on which a forfeiture proceeding is commenced is the date on which the first administrative notice of forfeiture relating to the property is sent." 146 Cong. Rec. At H2049 - H2051, 2000 WL 368969 (April 11, 2000); Legislative History: Civil Asset Forfeiture Reform Act (CAFRA) of 2000 (May 2000)(published by the U.S. Department of Justice (469 pages)) at 457 (statement of Rep. Hyde).

6

Plaintiff has provided the court with copies of DEA notices of seizure relating to a 1950 Ford Model T, 1987 Chevrolet Corvette, 1988 Chevrolet Astro Van, and 1984 Yamaha XVZ, all of which are dated April 11, 2000; as well as a copy of a DEA notice of seizure regarding a 1991 Chevrolet S10 Pickup that is dated July 18, 2000. The administrative notices of forfeiture were issued prior to the August 23, 2000 effective date of CAFRA. Accordingly, the notice provisions of CAFRA do not apply. The prior law that applied at the time Plaintiff's vehicles were seized lacked the notice protections set forth in § 983. Plaintiff has failed to state a claim upon which relief can be granted with regard to the allegedly untimely notice of the seizure of his assets.

The United States further contends that Plaintiff's exclusive remedy for challenging a closed administrative forfeiture lies not in a *Bivens* action for damages but rather in a motion filed under 18 U.S.C. § 983(e)(5).[3] Plaintiff acknowledges that he has a statutory remedy, but argues that he is not foreclosed from bringing this action for an alleged violation of his constitutional rights under the Fourth and Fourteenth Amendments. The court disagrees.

Insofar as Plaintiff argues that the vehicles in question were seized and/or forfeited without any substantive basis in the law for the seizure or forfeiture, a federal statutory claim is the proper basis for recovery. Under 18 U.S.C. § 983(e), Plaintiff may challenge the forfeitures of his vehicles by filing a motion to set aside the forfeitures for lack of notice. If his motion has merit and is successful, a court will set aside the forfeitures. *See* § 983(e)(2)(A). If the government recommences forfeiture proceedings, Plaintiff then has the opportunity to file a claim challenging the substantive basis of the forfeitures under § 983(a)(2). *See North Carolina ex rel Haywood v.*

---

[3] A challenge to a completed administrative forfeiture is a new "proceeding" and the applicable provisions of CAFRA would apply to Plaintiff's current claims, even though CAFRA does not apply to the original seizures of the vehicles at issue.

*Barrington*, 256 F. Supp.2d 452 (M.D.N.C. 2003).  Moreover, any procedural due process issues

asserted by Plaintiff are satisfied by the post-deprivation remedies available under § 983. <u>See</u> <u>id.</u>

Plaintiff's contention that he may seek damages under *Bivens* is without merit.

### CONCLUSION

For the reasons stated, Defendant Patterson's motion for summary judgment is **granted**.  The

motion to dismiss filed by Defendants DEA, Duarte, and Kinemer also is **granted**.  The case is

recommitted to the Magistrate Judge for further pretrial handling.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

September 26, 2005

Columbia, South Carolina