IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| Mitchell Bailey, ) | |
| ) | Civil Action No. 8:04-22252-MBS-BHH |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| David Taylor, Narcotic Agent, ) | |
| ) | |
| Defendant. ) | |
| ) | |

       The plaintiff, a federal prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983.

       Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

       The plaintiff is an inmate in custody of the Federal Bureau of Prisons who currently is housed at the Federal Prison Camp in Millington, Tennessee. The plaintiff brought this action on September 9, 2004, seeking damages against federal and state law enforcement officials for the alleged unlawful seizure of eight vehicles, including two motorcycles. Named as defendants were Jeff Patterson, a deputy sheriff with the Henderson County (North Carolina) Sheriff's Department; David Taylor, a deputy sheriff with the Spartanburg County Sheriff's Department; the Drug Enforcement Agency (DEA);

and two DEA agents, Tony Duarte and Jeff Kinemer.[1] The plaintiff seeks relief against the remaining defendant, David Taylor, under 42 U.S.C. § 1983.

On August 31, 2005, the defendant Taylor filed a motion to dismiss. By order filed September 1, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On September 8, 2005, the plaintiff responded to the motion.

On November 8, 2005, the plaintiff filed a Motion to Set Aside Forfeiture. On November 17, 2005, the defendant Taylor filed a response in opposition to the Motion to Set Aside Forfeiture.

## **FACTS PRESENTED**

As alleged by the plaintiff, he was indicted on February 9, 2000, in the United States District Court of the Southern District of Texas, in Corpus Christi, on one count of aiding and abetting, and assisting another to possess with intent to distribute approximately 1,216 kilograms of marijuana. On March 30, 2000, the plaintiff pled guilty pursuant to a written plea agreement. On May 31, 2000, the plaintiff was sentenced to 135 months in prison, with five years supervised release.

According to the plaintiff, the indictment against him did not contain an allegation that the property was subject to forfeiture as required by 18 U.S.C. §983. Nevertheless, the plaintiff alleges that prior to his guilty plea, the "defendants seized his vehicles from several locations without formal notice being given to the plaintiff." The plaintiff lists eight such vehicles which were seized, at an alleged value of $159,900 (comp. at 4).

---

[1] By order filed September 26, 2005, United States District Judge Margaret B. Seymour granted a motion for summary judgment by Jeff Patterson and granted a motion to dismiss by Tony Duarte, Jeff Kinemar and the Drug Enforcement Agency. Thus, as to those defendants, the action was dismissed, leaving David Taylor as the only remaining defendant.

The plaintiff alleges that he did not receive the proper 60-day notice as required by Title 18, U.S.C. §983(a)(1)(A)(1). This section provides:

(a) Notice; claim; complaint. --

(1)(A)(i) Except as provided in clauses (ii) through (v), in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute, with respect to which the Government is required to send written notice to interested parties, such notice shall be sent in a manner to achieve proper notice as soon as practicable, and in no case more than 60 days after the date of the seizure.

(ii) No notice is required if, before the 60 day period expires, the Government files a civil judicial forfeiture action against the property and provides notice of that action as required by law.

(iii) If, before the 60-day period expires, the Government does not file a civil judicial forfeiture action, but does obtain a criminal indictment containing an allegation that the property is subject to forfeiture, the Government shall either–

> (I) send notice within the 60 days and continue the nonjudicial civil forfeiture proceeding under this section; or
>
> (II) terminate the nonjudicial civil forfeiture proceeding, and take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute.

(iv) In a case in which the property is seized by a State or local law enforcement agency and turned over to a Federal law enforcement agency for the purpose of forfeiture under Federal law, notice shall be sent not more than 90 days after the date of seizure by the State or local law enforcement agency.

(v) If the identity or interest of a party is not determined until after the seizure or turnover but is determined before a declaration of forfeiture is entered, notice shall be sent to such interested party not later than 60 days after the determination by the Government of the identity of the party or the party's interest.

The basis of the plaintiff's complaint is that the United States failed to send him timely notice of the seizure of his assets. He argues that under 18 U.S.C. § 983(a)(1)(A), the United States was required to send him notice within 60 days after the

3

assets were seized, or by April 4, 2000. The plaintiff contends that he did not receive notice of the seizure until December, 2001, nearly two years after the vehicles were seized. The plaintiff asserts that the government should be required to return his property to him, as required by 18 U.S.C. § 983(a)(1)(F). In the alternative, the plaintiff seeks compensatory damages in the amount of $159,000, punitive damages in the amount of $10,000, and $10,000 for "the obtaining of a defense attorney to prosecute this civil suit." (comp. at 8).

## DISCUSSION

The defendant Taylor has moved to dismiss this action for failure to state a claim. Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support his claim and would entitle him to relief. *Iodice v. United States*, 289 F.3d 270, 273 (4th Cir. 2002). In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Mylan Laboratories, Inc. V. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)(citations omitted).

This court is required to construe *pro se* complaints liberally. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, *Leeke v. Gordon*, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in

a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

In his memorandum in support of his motion to dismiss, defendant Taylor "incorporates the law as addressed [in] the United States Motion to Dismiss and Memorandum in Support thereof dated March 21, 2005 and attaches hereto as Exhibit A." As the district court found in its order dated September 26, 2005, as to the United States, because the notice provisions of CAFRA do not apply, the plaintiff failed to state a claim upon which relief can be granted with regard to the alleged untimely seizure of his assets. However, a liberal reading of the complaint indicates that the plaintiff is seeking damages under section 1983 against defendant Taylor for the allegedly unlawful seizure of the plaintiff's property. In the complaint, the plaintiff identified the defendant David Taylor as "a narcotic agent that assisted the other defendants in the process of unlawfully obtaining the plaintiff's eight (8) vehicles from his residence and family." (comp. at 2). There is no affidavit from this defendant refuting this allegation.

On a motion to dismiss, the only question is whether or not the plaintiff has alleged facts sufficient to state a claim. In this case, the plaintiff has done so with regard to the defendant Taylor. Whether or not the plaintiff has a protected property interest in the property seized from him is a factual question, the determination of which is premature at this point in the proceedings. There are no affidavits in the record from defendant Taylor.

One of the other defendants who has been dismissed, Jeff Patterson, submitted a declaration in support of his motion for summary judgment. In his declaration, Officer Patterson stated that neither he nor any other member of the Henderson County Sheriff's Office participated in the challenged seizure which was executed by the federal Drug Enforcement Agency. While mere participation in the DEA task force is not a sufficient basis for finding liability without personal involvement,[2] this court cannot assume, without more, that the defendant Taylor, who is employed by the Spartanburg County Sheriff's Department, did not personally participate in the seizure of the plaintiff's property. Moreover, the statutory grounds which were the basis of the dismissal of the United States from this action do not necessarily protect this individual defendant. Accordingly, defendant Taylor's motion to dismiss should be denied.

Following the district court order dismissing the defendants Patterson, DEA, Duarte and Kinemar, the plaintiff filed a motion to set aside the forfeiture. This motion had no case number and all the original defendants were listed in the caption.[3] The motion was docketed in this action. It appears that the plaintiff filed this motion in response to the following language in the district court's order: "Under 18 U.S.C. § 983(e), Plaintiff may challenge the forfeitures of his vehicles by filing a motion to set aside the forfeitures for lack of notice. If his motion has merit and is successful, a court will set aside the forfeitures. *See* § 983(e)(2)(A)." The plaintiff asks for relief which this court cannot grant, given the present procedural posture of this case, where four of the defendants have been dismissed and there is a pending dispositive motion by the final defendant. The plaintiff may, if he chooses, bring a separate statutory action to set aside the forfeitures.

---

[2] *See Jones v. Williams*, 297 F.3d 930, 939 (9th Cir. 2002) ("We reject the idea that mere presence at a search or membership in a group, without personal involvement in and a causal connection to the unlawful act, can create liability under section 1983.").

[3] The plaintiff's motion to set aside the forfeiture is dated September 30, 2005, four days after the entry of the district court order dismissing four of the original five defendants. It was not filed until November 8, 2005.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, it is recommended that the defendant Taylor's motion to dismiss be denied. It is further recommended that the plaintiff's motion to set aside the forfeiture be denied.

IT IS SO RECOMMENDED.

s/ Bruce H. Hendricks
United States Magistrate Judge

March 13, 2006
Greenville, South Carolina