IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Mitchell H. Bailey, #89649-079, ) | |
| ) | Civil Action No. 8:04-22252-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Jeff Patterson, Narcotic Agent; David ) | OPINION AND ORDER |
| Taylor, Narcotic Agent; Tony Duarte, ) | |
| D.E.A. Agent; Jeff Kinemer, D.E.A. ) | |
| Agent; and Drug Enforcement Agency, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Mitchell H. Bailey is an inmate in custody of the Federal Bureau of Prisons who currently is housed at the Federal Prison Camp in Millington, Tennessee. Plaintiff, proceeding *pro se*, brought this action on September 9, 2004, seeking damages against federal and state law enforcement officials for the alleged unlawful seizure of eight vehicles, including two motorcycles, from Plaintiff's home in Spartanburg, South Carolina. Named as defendants are Jeff Patterson, a deputy sheriff with the Henderson County, North Carolina Sheriff's Department; David Taylor, a deputy sheriff with the Spartanburg County Sheriff's Department (together, the "State Defendants"); the Drug Enforcement Agency (DEA); and two DEA agents, Tony Duarte and Jeff Kinemer (collectively, the "Federal Defendants."). Plaintiff seeks relief against the State Defendants under 42 U.S.C. § 1983, and as to the Federal Defendants pursuant to *Bivens v. Six Unknown Federal Narcotic Agents*, 403 U.S. 388 (1971)(allowing an action for damages for due process violations made under color of federal law). By order filed September 26, 2005, the court granted motions to dismiss filed by Defendants Patterson and the Federal Defendants.

This matter now is before the court on motion to dismiss filed by Defendant Taylor filed

August 31, 2005. By order filed September 1, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Plaintiff filed a response on September 8, 2005.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pretrial handling. On March 13, 2006, the Magistrate Judge issued a Report of Magistrate Judge in which she recommended that Defendant's motion to dismiss be denied. The Magistrate Judge noted that Defendant had provided no affidavit or information to demonstrate that he had not personally participated in the seizure, and opined that the statutory grounds that formed the basis of the dismissal of the remaining Defendants did not necessarily protect Defendant Taylor. Defendant filed objections to the Report of Magistrate Judge on March 22, 2006. Defendant Taylor provided an affidavit with his objections to the Report of Magistrate Judge. Taylor attests that in his official capacity as Narcotic Investigator with the Spartanburg county Sheriff's Office, he accompanied DEA agents to Plaintiff's residence to assist in the execution of DEA's search warrant, which resulted in seizures of vehicles and information regarding the location of other vehicles owned by Plaintiff. Entry 38, Affidavit of David Taylor, ¶ 5. Defendant contends that he assisted in locating and seizing Plaintiff's vehicles and motorcycles in Spartanburg County and impounded them until they were released to the DEA. *Id.* ¶ 6. Defendant avers he was not involved in handling the forfeiture procedures and notices by DEA. *Id.* ¶ 7.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report of Magistrate Judge to which a specific objection is

made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## DISCUSSION

Plaintiff pleaded guilty to aiding and abetting to possess with intent to distribute approximately 1,216 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2. According to Plaintiff, the indictment did not contain an allegation that the property was subject to forfeiture as required by 18 U.S.C.§ 983. Plaintiff alleges that, nevertheless, on February 4, 2000, Defendants seized eight vehicles belonging to Plaintiff and valued at $159,900.00. Plaintiff contends that he did not receive the notice required by 18 U.S.C. § 983(a)(1)(A)(I). Plaintiff asserts that the government should return his property, as required by 18 U.S.C. § 983(a)(1)(F), or that he should recover compensatory damages from Defendants in the amount of $159,900.00, plus punitive damages and attorney's fees.

The court noted in its previous order that Plaintiff's exclusive remedy for challenging a closed administrative forfeiture did not lie in a *Bivens* action for damages, but a motion filed under 18 U.S.C. § 983(e)(5). Although Plaintiff's claim with respect to Defendant Taylor arises under § 1983 rather than *Bivens*, the exclusivity of § 983(e)(5) as a remedy still applies. It would be incongruous to preclude an action for damages against federal law enforcement officers involved in the seizure of personal property, but to allow such an action with respect to a state officer working under the direction of and in conjunction with federal law enforcement. Further, as the court noted previously, any procedural due process deprivation claimed by Plaintiff is satisfied by the post-deprivation remedies available under § 983. *See North Carolina ex rel. Haywood v. Barrington*, 256

F. Supp. 2d 452 (M.D.N.C. 2003).

## CONCLUSION

For the foregoing reasons, the court declines to adopt the Report of Magistrate Judge. Defendant's motion to dismiss (Entry 28) is **granted**. Plaintiff's motion to set aside forfeitures (Entry 33) and motion for return of property (Entry 39) are **denied**. Plaintiff must bring a separate statutory action to set aside the forfeiture.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

September 13, 2006

## NOTICE OF RIGHT TO APPEAL

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**